**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


KEITH R. DOMIEZ,                  :
                                  :     Civil Action No. 07-0907 (RMB)
             Petitioner,          :
                                  :
        v.                        :     OPINION and ORDER
                                  :
NEW JERSEY, et al.,               :
                                  :
             Respondents.         :
```

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Keith R. Domiez
Southern State Correctional Facility
P.O. Box 150
Delmont, NJ 08314

**BUMB**, District Judge

Petitioner, a convicted and sentenced prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, has submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his conviction. The named respondents are New Jersey and the Attorney General of New Jersey Stuart Rabner.

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." <u>See also</u> 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). "[T]hese

provisions contemplate a proceeding against some person who has the <u>immediate</u> <u>custody</u> of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." <u>Wales v. Whitney</u>, 114 U.S. 5674, 574 (1885) (emphasis added).

> In accord with the statutory language and <u>Wales</u>' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

<u>Rumsfield v. Padilla</u>, 542 U.S. 426, 434-436 (2004) (citations omitted).[1]

Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that, "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The 1976 Advisory Committee Notes to Rule 2(a) note that the proper person to be served in the usual case is either the warden of the institution in which the petitioner is

---

[1] In <u>Padilla</u>, the Supreme Court also noted (1) the open question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation and (2) the implicit exception to the immediate custodian rule in the military context where an American citizen is detained outside the territorial jurisdiction of any district court. 542 U.S. at 435-36, n.8, 9.

incarcerated or the chief officer in charge of state penal institutions.

In the context of alien detainees, the Court of Appeals for the Third Circuit has held,

> It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action.  This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body.  That the district director has the power to release the detainees does not alter our conclusion.  Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons.

Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).

Thus, under the circumstances of this case, the warden of the facility where the petitioner is held is an indispensable party respondent, for want of whose presence the petition must be dismissed.

A federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 34, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. § 2243.

IT APPEARING THAT Petitioner has failed to name as a respondent an indispensable party, to wit, the warden of the facility in which he is confined;

3

IT IS on this **5th** day of **March**, 2007,

**ORDERED** that Petitioner may file an amended petition naming the warden of the facility in which he is confined as a party respondent within 45 days of the date this Order is entered; and it is further

**ORDERED** that if Petitioner does not file an amended petition within the above 45-day period, the Court will enter an Order dismissing the Petition without prejudice for failure to name an indispensable party.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge